```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| SARA MENDEZ, PPA SARA KARINA PALMA MENDEZ, | : : : |
| Plaintiff, | : : |
| V. | : CASE NO. 3:05-CV-1257(RNC) |
| VICTOR ROMAN, | : : |
| Defendant. | : : |

## RULING AND ORDER

This is one of two related actions initially brought in Connecticut Superior Court seeking damages for injuries to the minor plaintiff allegedly caused by exposure to lead-based paint. The defendant in this action, Victor Roman, owned premises where the minor plaintiff resided with her family from 1997 to 2001. The defendant in the other action, Dayer Rojas, owned premises where they lived from 1995 to 1997. See Sara Palma-Mendez v. Dayer Rojas, No. X05-FST-CV-98-0166419-S (Conn. Super. Ct. filed June 29, 1998). Prior to the removal of this action, both actions were consolidated for trial on the Superior Court's complex litigation docket. Plaintiff has filed a motion asking me to (1) exercise supplemental jurisdiction over the claims in the other action; or (2) remand the state law claims in this action so they can be reconsolidated for trial with her claims in the other action. For the reasons stated below, the motion is denied.

1

Background

In 2003, plaintiff commenced this action against Mr. Roman, alleging that he knew, or should have known, that his premises contained lead-based paint, but negligently failed to remove the paint or warn of the hazards it posed to the minor plaintiff's health.  The complaint pleaded state law claims for negligence, negligence per se, breach of a warranty of habitability, and violations of the Connecticut Unfair Trade Practices Act.  There was no federal claim.  In 2004, the Superior Court consolidated this action with a prior action filed on behalf of the minor plaintiff against Mr. Rojas, which pleaded the same state law claims.  In July 2005, plaintiff moved for leave to amend the complaint in this action to include a claim for relief based on an alleged violation of 42 U.S.C. § 4852d.  By operation of Connecticut Practice Book § 10-60(a)(3), the complaint was deemed amended by consent when no objection was made within fifteen days.  The presence of the federal claim made this case removable for the first time, and led to the filing of a timely notice of removal.  The other action remains pending in Superior Court, where it is due to go to trial soon.

Discussion

Motion to Exercise Supplemental Jurisdiction

Plaintiff first urges me to exercise supplemental jurisdiction over the claims in the Rojas case.  This could be done, the plaintiff suggests, by "pulling-up" those claims and consolidating them with the claims in this action.  A district

court's authority under the supplemental jurisdiction statute does not extend this far.

The statute provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  This statute gives a district court authority to decide an entire case, including issues -- and claims against parties -- that do not independently satisfy the requirements for federal subject matter jurisdiction.  But it does not authorize a court to use one case as a platform for "pulling-up" claims and parties in another, separate case. Rather, as the concluding sentence of the statute indicates, supplemental jurisdiction may be exercised only over claims and parties that have been joined in a single civil action.[1]

### Motion to Remand

In the alternative, plaintiff asks me to decline to exercise

---

[1] The supplemental jurisdiction statute might permit me to exercise jurisdiction over the claims in the Rojas case if the Superior Court's consolidation order combined the two actions into one for purposes of jurisdiction.  See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 399 F. Supp. 2d 340, 353-55 (S.D.N.Y. 2005).  Based on the record before me, however, it appears that the cases retained their separate identities after consolidation, as contemplated by Practice Book § 9-5(c), which provides that files in consolidated cases must be "maintained as separate files and all documents submitted by counsel or the parties [must] bear only the document number and case title of the file in which it is to be filed."

supplemental jurisdiction over the state law claims in this action so they can be remanded and reconsolidated for trial with her claims against Mr. Rojas.[2]  Though a district court has discretion to decline to exercise supplemental jurisdiction in certain circumstances, none of the exceptions applies here.

The supplemental jurisdiction statute provides that a court may decline to exercise jurisdiction over a claim only when:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).[3]

Plaintiff relies on subsections (1), (2) and (4).  The exception set forth in subsection (1) for claims involving novel or complex issues of state law does not apply (notwithstanding the case's assignment to the complex litigation docket) because

---

[2] Plaintiff is not seeking remand under the removal statute.  The removal statute provides for remand in two situations: when state law predominates in a removed action containing separate and independent removable and nonremovable claims, see 28 U.S.C. § 1441(c), and when the removal was defective, see 28 U.S.C. § 1447(c).  Neither applies in this case.  For this reason, the thirty-day time limit for filing a remand motion under § 1447(c) does not bar plaintiff's motion.

[3] If one or more of these factors is present, the court must determine whether declining to exercise supplemental jurisdiction is justified by considerations of judicial economy, fairness, convenience, and comity.  See Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004) (citing Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 445-47 (2d Cir. 1998)).

the plaintiff has identified no issue of state law that is either novel or complex.  The exception in subsection (2) for cases in which state law claims substantially predominate is also inapplicable.  The federal claim, which concerns defendant's alleged statutory duty to disclose the presence of lead-based paint, is not merely peripheral to plaintiff's core allegations of negligent failure to disclose.  Rather, the federal and state claims implicate similar, and even identical, issues, including the extent and cause of the minor plaintiff's injuries, and the recovery on the federal claim could exceed the recovery on the state claims.  See 42 U.S.C. § 4852d(b)(3) (authorizing treble damages).

This leaves the residual exception in subsection (4).  The Second Circuit has stated that district courts should invoke this exception with caution, reserving it for "truly compelling circumstances that militate against exercising jurisdiction." Jones, 358 F.3d at 215; see also Itar-Tass Russian News Agency, 140 F.3d at 448 (remanding state claims under § 1367(c)(4) is an exceptional remedy, to be reserved for "circumstances [that] are quite unusual" (quoting Executive Software N. Am., Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1558 (9th Cir. 1994))).  The Superior Court's consolidation of these related actions for trial, which was effectively undone by the removal, presents an exceptional circumstance.[4]  As explained below, however, the plaintiff has

---

[4] Viewing the state court's consolidation order as an exceptional circumstance is consistent with the importance of comity considerations in the exercise of supplemental

5

identified no reason for declining jurisdiction that can be considered truly compelling.

Plaintiff's main concern is that separate trials could result in inconsistent verdicts leaving her with no recovery against either defendant.  This could occur if Mr. Rojas successfully argued in one trial that Mr. Roman's negligence was the sole proximate cause of the plaintiff's injuries, and Mr. Roman successfully argued in a subsequent trial that the reverse is true.  This scenario is theoretically possible, but unlikely to occur.  It appears to be undisputed that the plaintiff's family moved out of the Rojas premises after she tested positive for the presence of lead in her blood and it was discovered that the premises contained lead-based paint.  Furthermore, the plaintiff's expert intends to testify that the plaintiff's injuries were caused by exposure to lead-based paint in both the Rojas and Roman premises.  In this context, it seems unrealistic to expect that Mr. Rojas can successfully point to Mr. Roman's alleged negligence as the sole proximate cause of the plaintiff's injuries.

Plaintiff also points to the duplication of effort and expense that could be avoided by remanding the state law claims for a consolidated trial in state court.  The exception in subsection (4) of the supplemental jurisdiction statute has been invoked in several instances to avoid duplicative litigation.

---

jurisdiction.  See Seabrook v. Jacobson, 153 F.3d 70, 71-72 (2d. Cir. 1998).

See Hays County Guardian v. Supple, 969 F.2d 111, 125 (5th Cir. 1992) (affirming remand under § 1367(c)(4) because "[a]djudicating state-law claims in federal court while identical claims are pending in state court would be a pointless waste of judicial resources"); W. Coast, Inc. v. Snohomish County, 33 F. Supp. 2d 924, 925-26 (W.D. Wash. 1999) (remanding state law claims under § 1367(c)(4) so they could be consolidated with parallel claims in order to avoid "duplicative litigation, wasted judicial resources, needless expenditures for both parties, conflicting case schedules, a potential race to judgment, and/or the possibility of inconsistent verdicts"); Mill Invs., Inc. v. Brooks Woolen Co., 797 F. Supp. 49, 53 (D. Me. 1992) (finding compelling reasons for remand, including that "savings of both time and money for all parties [could] be achieved if consolidation [was] possible in state court").  In each instance, however, the federal and state court cases involved the same parties, or a single consolidated trial could fully resolve all the disputed issues.  Here, in contrast, the parties are not identical, and a remand of the state law claims would still leave the federal claim pending in this court.  Defendant understandably objects that he should not be required to defend himself in two courts, and undergo two trials, simply to accommodate the plaintiff's interest in having a consolidated trial of her state law claims without withdrawing her federal claim (which thus far she has declined to do).  In these circumstances, the interest in avoiding duplicative litigation

does not provide a sufficient justification for declining to exercise supplemental jurisdiction.  See <u>SST Global Tech. LLC v. Chapman</u>, 270 F. Supp. 2d 444, 463 (S.D.N.Y. 2003) (efficiency would not be furthered by declining to exercise jurisdiction over state law claims in deference to parallel state proceeding because district court would still have to adjudicate federal claim, which involved many of the same factual issues as the state claims).

<u>Conclusion</u>

 Accordingly, plaintiff's motion [Doc. #24] is hereby denied.

 So ordered.

 Dated at Hartford, Connecticut this 2nd day of February, 2006.

          _____/s/_____
            Robert N. Chatigny
           United States District Judge

9